UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                    Criminal No.: 12-20607

v.

                                    DISTRICT JUDGE: THOMAS L. LUDINGTON
                                    MAGISTRATE JUDGE CHARLES E. BINDER

SUE A. WILSON,

    Defendant.
_____/

## MOTION TO ADMIT

    **NOW COMES** the above named Defendant, SUE A. WILSON, by and through her Attorney, JAMES F. PIAZZA, and respectfully request this Honorable Court the following:

    1.    Defendant is charged with Conspiracy to Defraud the United States; and Intent to deceive the Social Security Administration.

    2.    That through Conferences with the Court, the issue has become whether or not the Defendants are entitled to a defense of reliant on accountant.

    3.    That Defendant is entitled to instruction of good faith as well as reliance on accountant as a Defense in this matter (see brief in support).

    Wherefore, Defendant respectfully requests this Court to allow said defense during the

trial.


Dated: May 10, 2013

                                          s/James F. Piazza
                                          JAMES F. PIAZZA
                                          Attorney for Defendant Sue A. Wilson
                                          803 Court Street
                                          Saginaw, Michigan   48602
                                          Phone: (989) 791-1813
                                          jfpia@aol.com
                                          (P30172)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Criminal No.: 12-20607

                                    DISTRICT JUDGE: THOMAS L. LUDINGTON
                                    MAGISTRATE JUDGE CHARLES E. BINDER

SUE A. WILSON,

    Defendant.
_____/

**BRIEF IN SUPPORT OF MOTION TO ADMIT**

    The defense in this matter is that the Defendants consulted with and relied upon, in good faith, with their accountant (a CPA) which was proper to do. Such is a complete defense in this matter.

    The Defendant's good faith provides complete defense to any charge which includes an intent to defraud or willfulness as an essential element. In other words good faith is simply an affirmative converse of the governments burden of proving the Defendants intent to commit a crime. See U.S. v. Kimmel, 777 Fed 2d 290 (Ca 5th, 1985). Further, the Defendant is not required to prove his good faith. Instead the Government must prove, beyond a reasonable doubt, that the Defendant acted with the requisite mental state. See U.S. v. McPhilomy, 270 Fed 3rd 1302 (Ca 10th, 2001).

    Case law has indicated there is a defense in that, if the Defendant relies upon advice of

Counsel, then such is a total defense to the crime. In an ironic twist, the Federal Court, Eastern District of Michigan in U.S. v. Wilson, 2011 WL 740200, Eastern District of Michigan, the Court addressed the issue of advice of Counsel defense. In that matter, the Court looked at the fact that the Counsel had alone drafted documents of the business as well as advising in business matters. The Court held that the advice of Counsel is a valid defense if that (1) full disclosure of all pertinent facts are given to Counsel and (2) good faith reliance on Counsels advice. The Court further indicated that they must look at the attorneys role in the business in not only helping draft business documents, but also in shaping the direction that the business is going in and more importantly advising the business generally.

In U.S. v. Lindo, 18 Fed 3rd 353 (Ca 6th, 1994) the issue presented was whether or not the Defendant was entitled to jury instruction on good faith reliance on Counsels advice. In that matter the Defendant relied on Corporate Attorney relating to the sale of stock and the Trial Court denied the argument. However, in Lindo the Court of Appeals held that the Trial Court erred in failing to instruct the jury on the good faith reliance on Counsels defense. The Court held that:

> "In a case addressing whether a tax payer defendant was entitled to an instruction regarding his good faith reliance on his accountant, this court noted that the standard of evidence necessary to ward an instruction cannot be included absolute requirement the tax payer must testify, for that would burden the tax payers own 5th Amendment right against self incrimination. See U.S. v. Duncan, 850 Fed 2nd 1104 (Ca 6th, 1988). The Court went on to state that "whether a proper request for instruct on a criminal defendant theory of defense is made, it is reversible error not to present that theory adequately in a full statement of law. . . the elements of a reliance on counsel defense are (1) full disclosure of all pertinent facts to counsel, and (2) good faith reliance on

> counsel's advice (agreeing with the trial court in that case that the elements of a reliance on accountants defense are (1) full disclosure of all pertinent facts, and (2) good faith reliance on the accountant's advice. Moreover, "any foundation in the evidence sufficient to bring the issue into the case", is also sufficient to merit a jury instruction on reliance. (Quoting U.S. v. Phillips, 217 Fed 2nd 435, (Ca 7th, 1954). Accordingly, we read Duncan to hold that a defendant who identifies any evidence supporting the conclusion that he or she has fully disclosed all pertinent facts to counsel, and that he or she has relied in good faith on counsel's advice, is entitled to a reliance jury instruction. See U.S. v. Kenney, 911 Fed 2nd 315 (Ca 9th, 1990). . ."

Lindo cites U.S. v. Duncan, 850 Fed 2nd 1104 (Ca 6th, 1988).  Lindo states relating to Duncan;

> ". . .In Duncan, the defendant and his accountant were charged with making false statements on the tax return. Because the accountant initiated the transaction that served as the basis for bringing the charges against the defendant, and therefore possessed all the relevant facts concerning that transaction from the outset, the court noted that there was no point in requiring a showing by the defendant that he personally disclosed facts to the accountant. The court noted only that, under the unique circumstances of that case, where the defendant knew from the outset that his accountant possessed the predicate information even absent affirmative disclosure, it was reasonable for the defendant subsequently to have relied on good faith on his accountant's informed advice. . ."

In that case, in Duncan the Court in Lindo indicated referring to the fact that since the Court in Duncan determined that defendant had such relied, the defendant was entitled to a good faith reliance instruction.

Duncan specifically allows good faith reliance on the advice of an accountant. This is also followed by U.S. v. Whyte, 699 Fed 2nd 375 (Ca 7th, 1981), U. S. v. Cox, 348 Fed 2nd 294 (Ca 6th, 1965). As indicated in Duncan, the 6th Circuit Court of Appeals reversed the trial courts refusal to instruct on good faith reliance on an accountant instruction, indicating that there was enough to

present the issue to the jury. Duncan states that:

> "It is the law in this Circuit and elsewhere, as Judge Weick explained in a panel of Judges, Miller, Engel, and Weick, that "when a theory defense finds some support of the evidence and in the law, defendant is entitled to some mention of that theory in the instructions". U.S. v. Garner, 529 Fed 2nd 962 (Ca 6th)(Brown v. U.S., 426 U.S. 922 (1976)...
>
> A claim defense of good faith reliance upon a tax preparer or tax counsel is a critical circumstance that may be dispositive of the central issue of willfulness. On an issue of such importance, we believe that the standard will be satisfied if there is "any foundation of the evidence" sufficient to bring the issue into the case, even if that evidence is "weak, insufficient, inconsistent, or of doubtful credibility"...

As such, the Duncan court indicated that the reliance defense should have been instructed to the jury and that said reliance elements are:

(1)   Full disclosure of all pertinent facts and

(2)   Good faith reliance on the accountant's advice.

In U.S. v. Whyte, 699 Fed 2nd 375 (Ca 7th, 1981) the appellate court held that:

> "It is a valid defense to a charge of filing a false tax return if a defendant provides full information regarding his taxable income and expenses to an accountant qualified to prepare federal tax returns, and that the defendant adopts and files the return as prepared without having reason to believe that it is incorrect. See U.S. v. Mitchell, 495 Fed 2nd 285 (Ca 4th, 1974); U.S. v. Baldwin, 307 Fed 2nd 577 (Ca 7th, 1962)."

As such, there is a good faith reliance on an accountant defense and defendant requests this Court to allow testimony and instructions regarding same.

Dated: May 13, 2013

                                                     s/James F. Piazza_____
JAMES F. PIAZZA
Attorney for Defendant Sue A. Wilson
803 Court Street
Saginaw, Michigan   48602
Phone: (989) 791-1813
jfpia@aol.com
(P30172)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SUE A. WILSON,

    Defendant.

_____/

Criminal No.: 12-20607

DISTRICT JUDGE: THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

## CERTIFICATION OF SERVICE

STATE OF MICHIGAN  )
                           )SS.
COUNTY OF SAGINAW)

    I, JAMES F. PIAZZA, hereby certify that on the 13th day of May, 2013 I electronically filed the Motion to Admit and Supporting Brief with the Clerk of the Court using ECF system which will send notification of such filing to the following:

        Assistant U.S. Attorney,
        All Attorneys of Record

Dated: May 13, 2013

                                    /s/James F. Piazza_____
                                    JAMES F. PIAZZA
                                    Attorney for Defendant, Sue A. Wilson
                                    803 Court Street
                                    Saginaw, Michigan   48602
                                    Phone: (989) 791-1813
                                    jpia@aol.com
                                    (P30172)