**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                Criminal No.: 12-20607

                                DISTRICT JUDGE: THOMAS L. LUDINGTON
                                MAGISTRATE JUDGE CHARLES E. BINDER

SUE A. WILSON,

       Defendant.

_____/

**SENTENCE MEMORANDUM**

**A**

       Before the Court is the Defendant, Sue A. Wilson, who was convicted by a jury trial of

Conspiracy to Defraud the U.S. and False Information to the Social Security. A Pre-Sentence

report has been filed by Marvin Burns of the U.S. Probation Office.

       Defense has made numerous objections to the Pre-Sentence Report relating to alleged

acts by the Defendant. Please note that the Defendant has maintained her innocence in this matter

and the objections were due in part to show the lack of involvement of the Defendant (See

argument below).

       Defense objections to page 5, paragraph 7 indicates Probation Department wrote that Ms.

Pochmara was not involved in the operation, however, there was testimony during the trial that

she was in decision making policy situations and met with Gary Wilson and on occasion paid bills.

On page 5 paragraph 8, again the Defendant indicates that she did not pay Maxine Pochmara for work done by Robert Pochmara despite the jury verdict.

On page 5, paragraph 9, the Defense does object to the statement by the Probation Department that all documents filed by Gary and Sue Wilson did not include Robert Pochmara as corporate officer. During the trial as well as some other documents indicate that was turned over by Sue Wilson to the Government, shows that Robert Pochmara was listed as a corporate officer on some of the documents.

On page 5, paragraph 10, despite the jury verdict, the defense states that she did not enter into an agreement to make a fraudulent pay arrangement with Maxine and Robert Pochmara. Further, defense denies that they maintained records under Maxine Pochmara's social security number to reflect wages that were not earned by her.

On page 6, paragraph 11, Probation Department indicates that Ms. Wilson did much of the paperwork for the Auto Part Store. This is not true as the accounting firm did most of the financial work. The Defendant did keep a daily ledger and make out checks only.

On page 6, paragraph 13, the defense objects to the implication that the Wilsons paid off

2

Robert and Maxine Pochmara after the investigation started. The testimony at the trial indicated that the Wilsons simply bought out the Pochmara's with an additional $20,000.00 for a no compete clause. Further, Defense objects to the Pre-Sentence Report to the fact that Maxine Pochmara was issued check totaling $337,000.00 for work done by Robert Pochmara.

On page 6 and 7, paragraph 14, 16, and 17 all indicates that the Probation Department did not investigate nor look into any possible off set that Robert Pochmara could have had relating to the disability pension.

It must be noted on page 7, paragraph 18, that Defendant Sue Wilson did cooperate with the authorities going over any and all documents that were requested of them, sat down and did discuss matters relating to those documents with the investigating officer on at least two occasions.

The Probation Department on page 7, paragraph 19 indicates that Sue Wilson failed to accept responsibility. She has maintained that she is not guilty of the charges before this Court even though there was a jury verdict of guilty.

Further on page 7, paragraph 24, is another questions relating to whether or not Robert Pochmara would have received any off set from his disability pension.

Page 7, paragraph 26, the Probation Department scored 0 points for Role in the Offense.

Pursuant to Sentencing Guidelines, Section 3B 1.2 Mitigating Role, indicates a decrease of 4 levels if the Defendant was a minimal participate in the criminal activity. Testimony at the trial was that Sue Wilson would simply sign checks when she was told to and was not at the office with the exclusion of once or twice observed over 10 year period, nor was there any testimony that she was involved in any corporate decision making process. Therefore, if any, her participation was minimal and thus a four level decrease in the offense role would be appropriate. With a four level decrease in the offense level, Defendant Sue Wilson's guidelines should be 1-14 with a range of 15 to 21 months. (Also see objections, page 7, paragraph 28 and 31). (Also see page 13, paragraph 60).

The remaining objections, page 15, paragraph 72, and page 17, paragraph 84 again relates to the amount involved and there is no indication of any investigation relating to off setting monies in this matter.

On page 15, paragraph 77, and page 16, paragraph 80 the Defense again reiterates that the Defendant Sue Wilson maintains her innocence and states that she is not guilty of the crimes charged.

**B**

Before the Court is Sue Wilson, a 55 year old female, married, being accused in her first accusation of any criminal activity in her life. The Court can look at various factors at sentencing to make a sentence appropriate to an individual. See 18 U.S.C. § 3553. As indicated above, Defendant was found guilty by a jury, however she has still maintained her innocents. Testimony

at the trial would, at best, show a minimal involvement as there is no testimony whatsoever that Sue Wilson was involved in any type of decision making process regarding the business, nor in any meetings with Robert or Maxine Pochmara, nor at the office itself with the exception of a couple occasions as testified to by some of the employees over a 10 year period. It seems that she simply signed checks and did some daily ledgers for the corporation and submitted them to the accountant for the accountant to make business decisions and inform Ms. Wilson of what bills to pay. Thus, the Court can consider minimal involvement for a decrease in offense level points as well as to fashion an appropriate sentence. See 3B 1.2

This Court may depart downward from this Sentencing Guideline for various reasons.

A minimal role in a conspiracy is grounds for a downward departure. See U.S. v. Valdez-Gonzalez, 957 Fed 2nd 643 (Ca 9th, 1992); U.S. v. Patillo, 817 Fed Supp 839 (Ca Cal, 1993); U.S. v. Restrepo, 936 Fed 2nd 661 (Ca 2nd, 1991). Also, down departures are proper for someone who simply aides and abets and was not a major player. See U.S. v. Posters "n" Things, 969 Fed 2nd 659 (Ca 8th, 1992).

The Defendant was raised in Michigan, with a High School Diploma, had an insurance license. When she was growing up she was molested by her step-father. A factor the Court can consider for downward departure. See U.S. v. Walter, 256 Fed 3rd 891 (Ca 9th, 2001); U.S. v. Roe, 976 Fed 2nd 1216 (Ca 9th, 1992); U.S. v. Rivera, 192 Fed 3rd 871 (Ca 2nd , 1999). She is married and has three children, one of which has cerebral palsy and lives in Florida, however, she

5

takes care of him at least two months out of the year. The Courts can consider her background and extra ordinary family circumstances and responsibilities where incarceration would have extra ordinary effect on innocent family members. See U. S. V. Leon, 341 Fed 3rd 928 (Ca 9th, 2003) wherein the Court of Appeals in a false income tax return case confirmed the District Courts downward departure of six levels because the Defendant was a sole care giver of his wife who suffered from renal failure and other medical and mental issues. Also see U.S. v. Aguirre, 214 Fed 3rd 1122 (Ca 9th, 2000); U.S. v. Owens, 145 Fed 3rd 923 (Ca 7th, 1998) wherein the Defendants brother suffered down syndrome and he had spent time with his brother.

Ms. Wilson has physical as well as mental problems that the Court should take into consideration under §3553. As found in the Pre-Sentence Report, paragraph 44, and 45 indicates that the Defendant has a litany of medical problems including rheumatoid and osteoarthritis; irritable bowel syndrome; fibromyalgia; illiotibal band syndrome on her right knee; high blood pressure; an abnormal liver; degenerative bone disease in her upper jaw; spine, hips, knees and shoulders; carpel tunnel syndrome; and hyperlipidemia which involves abnormally elevated levels of any or all of the lipids in the blood.

Sue Wilson is on various medication as found in the Pre-Sentence report. On page 10, paragraph 45 lists the total amount of medication that she takes on a regular basis. She is also allergic to various drugs as well as noted on page 10, paragraph 46 of the Pre-Sentence Report. The list includes Ativan, used to treat anxiety, 0.5 milligrams three times a day; Vistaril, for anxiety, 50 milligrams one to two times a day; Clobetasol Propionate cream, for topical

dermatologic use; Flexeril, a muscle relaxant; 10 milligrams one to three times a day; Zoloft, an antidepressant, 100 milligrams once a day; Ultracet, for pain, 325 milligrams, one to two every four to six hours; Seroquel, for depressive disorder, 100 milligrams once a day; hydrochlorothiazide, for kidney issues, 25 milligrams once a day; omeprazole, for stomach issues, 20 milligrams once a day; Nasonex, for seasonal allergies, 50 milligrams as needed; Zyrtec, for seasonal allergies, as needed; Proair inhaler, for asthma, as needed; Pravastatin, to lower lipids in the blood, 20 milligrams once daily; lidocaine viscous, which is used to treat pain in the mouth, as needed; and diclofenac sodium, which is used to treat pain, twice a day. The Defendant is allergic to sulfa drugs, penicillin, oxycodone and Zithromax.

Ms. Wilson also suffers from mental conditions and has been diagnosed with depression and currently takes medication for anxiety and depression. The Court can depart downward for mental and emotional conditions. See U.S. v. Walter, 256 Fed 3rd 891 (Ca 9th, 2001).

The Court can also take a look at employment history as it relates to possible downward departure. Various Courts have looked at factors such as that, employment history or even a sustain commitment to family members. See U.S. v. Thompson, 74 Fed Supp 2nd 69 (D. Mass, 1999) wherein the Court held that an individual who has exhibited a sustained commitment to his or her family as well as good employment history, deserves to be taken into consideration any type of downward departure in continuing sentence. Also see U.S. v. Jones, 158 Fed 3rd 492 (Ca 10th, 1998); U.S. v. Higgins, 967 Fed 2nd 841 (Ca 3rd, 1992); U.S. v. Jagmohan, 909 Fed 2nd 61 (Ca 2nd, 1990); U.S. v. Big Crow, 898 Fed 2nd 1126 (Ca 8th, 1990).

The Probation Department wrote in the fact of various involvement in the Community by the Defendant. It indicated:

> "The Defendant has volunteered in her community on various occasions, which includes being a lunchroom attendant at a local school, playground supervisor, camp counselor at a local camp, helping with the Specialized Alternatives for Youth of Michigan until its closing, completing may pro-bono permanent makeup procedures for individuals who had no eyelashes or eyebrows, sponsoring youth beach party events for Nautical City Festival, being a volunteer parade member in Gaylord, Posen, Onaway, and Rogers City, Michigan, and she was a previous Boy Scout and Girl Scout Leader. The Defendant also opened her home to over 22 children since 1985. . ."

The Court can take into consideration the Defendants work on charitable organizations as well as involvement in the community. See U.S. v. Cooper, 394 Fed 3rd 172 (Ca 3rd, 2005); U.S. v. Serafini, 233 Fed 2nd 758 (Ca 3rd, 2000); U.S. v. Woods, 159 Fed 2nd 1132 (Ca 8th, 1998); U.S. v. Jones, 158 Fed 3rd 492 (Ca 10th, 1998).


The Defendant has the support of many members of her community. (See the attached letters)

The Court can take a look at the totality of the circumstances in making a determination of downward departure which should be able to do in this matter. As outlined above, there are many factors to be considered for a downward departure on behalf of Ms. Wilson. The totality of the circumstances the Court has enough factors and circumstances to make a downward

8

departure in this matter. See U.S. v. Cook, 938 Fed 2nd 149 (Ca 9th, 1991); U.S. v. Lam, 20 Fed

3rd 999 (Ca 9th, 1994); In Re Sealed Case, 292 Fed 3rd 913 (DC Cir 2002). In U.S. v. Sabino, 274

Fed 3rd 1053 (Ca 6th, 2001) in a case of attempting to avoid paying taxes, a three level downward

departure was not abuse of discretion for the combination of factors including death of a spouse,

age, aliments, absence of threat, absence of risk of flight, and minor role. In U. S. V. Rioux, 97

Fed 3rd 648 (Ca 2nd, 1996) downward departure was appropriate in sentence probation was

approved when the Court went down based on health problems as well as good acts and

charitable fund-raising on behalf of the Defendant. Further, there is no indication in this case that

Sue Wilson personally benefitted from any of the acts of any of the individuals. This also can be

taken into consideration to justify a downward departure. See U.S. v. Rivera, 994 Fed 2nd 942 (Ca

1st, 1993).


Based on the totality of the circumstances and factors listed in 18 U.S.C. §3553 Counsel

believes a downward departure is appropriate and respectfully requests this Court to place the

Defendant on a period of probation with no incarceration.


Dated: August 28, 2013

                                        Respectfully submitted:

                                        S/JAMES F. PIAZZA
                                        Attorney for Defendant
                                        803 Court Street
                                        Saginaw, Michigan   48602
                                        Phone: (989) 791-1813
                                        jfpia@aol.com
                                        (P30172)

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  Criminal No.: 12-20607

v.

                                  DISTRICT JUDGE: THOMAS L. LUDINGTON
                                  MAGISTRATE JUDGE CHARLES E. BINDER

SUE A. WILSON,

    Defendant.

_____/

## CERTIFICATION OF SERVICE

STATE OF MICHIGAN   )
                         )SS.
COUNTY OF SAGINAW)

    I, JAMES F. PIAZZA, hereby certify that on the 28th day of August, 2013, I electronically filed the Sentencing Memorandum with Attachments, with the Clerk of the Court using ECF system which will send notification of such filing to the following:

    Assistant U.S. Attorney, Janet L. Parker
    Attorney for Defendant Gary Wilson, Stevens J. Jacobs

    And by regular mail to:

    Marvin S. Burns, II, United States Probation Officer, 1000 Washington Avenue, P.O. Box 649, Bay City, Michigan    48707-0649

Dated: August 28, 2013

                              /s/James F. Piazza_____
                              JAMES F. PIAZZA
                              Attorney for Defendant
                              803 Court Street
                              Saginaw, Michigan   48602
                              Phone: (989) 791-1813
                              jpia@aol.com
                              (P30172)