UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Criminal No.: 12-20607

v.

                                          DISTRICT JUDGE: THOMAS L. LUDINGTON
                                          MAGISTRATE JUDGE CHARLES E. BINDER

D-4    SUE A. WILSON,

    Defendant.

_____/

## SUPPLEMENTAL SENTENCING BRIEF

      This Court has requested additional information relating to various issues raised at the Status Conference.

      The first issue is of the assessment of the role of the individual Defendants in the offense. Defendant, Sue Wilson, as in her original brief indicated that she should receive a two (2) point reduction for minimum role. Ms. Wilson has provided case law relating to same in the original Sentencing Memorandum. It must be noted that only the Pochmara's benefitted financially from the fraud of the Railroad Retirement. Further, only the Pochmara's would have benefitted from any Social Security issues. The Defendant, Sue Wilson would not have financially benefitted from any of the acts involved.  Further, as testimony at the Trial indicated, Sue Wilson's involvement was minimal at best, as she was only seen at the store a couple times over the time frame in question, as well as only gathered documents and sent them to the CPA and signed

routine checks. At this time Defendant, Sue Wilson will not be testifying during any Sentencing Hearing; subject however to seeing if either the Pochmaras or Gary Wilson will be testifying. In U.S. v. Owusa, 199 Fed 3rd 329 (Ca 6th, 2000) that to qualify as a minor participant supporting an offense level reduction, the Defendant must be less culpable than most of the other participants and substantially less culpable than the average participant. In this case, Sue Wilson simply signed checks and signed documents. There is no indication during the Trial that Sue Wilson was party to any conversation in which to defraud the Government in anyway.

The Court raised the second question relating to the Governments objection to the Wilson's Pre-Sentence Report relating to their financial information. It must be noted that in the Pre-Sentence Report, there is indication that the Wilson's had loaned the company $21, 000.00 to cover the bills, however, it is believed that the Defendant would never be able to obtain said monies back.

The Court also inquired about the evaluation of the residence, both on White Birch Lane as well as a second home located in Millersburg. It must be noted that the Defendant put in evaluation of same due to conversation with the CPA Jerry Kieliszewski who gave them an approximate value of the property which they disclosed to the Pre-Sentence investigator. Mr. Kieliszewski may be called to testify relating to same at said hearing. (See Exhibit C)

There is indication relating to stocks and bond with Edward Jones. However, the investment with Edward Jones was transferred over to Chemical Bank (Lincoln) and is a total of

$88,072.88 divided between Gary Wilson of $49,415.44 and Sue Wilson of $35,487.74. See Exhibit A.

Further, in relationship to Northwest Mutual Life Insurance and Hartford Life, Defendant Sue Wilson indicates that both of those accounts, money was pulled out due to loss. The amount of loss is tentatively calculated at this time and the CPA will need to testify relating to same at the Hearing.

Other documents that the Court should be aware of is included relating to Defendants financial condition is found as Exhibit 2, 3, 5, 6, 7, 8, 9, and 10. Exhibit 10 shows that the money came from Edward Jones and transferred to Lincoln Financial Group as a total amount as of 2011 $33,308.91.

Other possible issues relating to Defendant's financial condition is that the Defendant Sue Wilson has put in a loan application $400,000.00 worth of assets, however, she misunderstood that and that is the total amount of life insurance policy upon death of one of the parties. There is no actual cash value to the life insurance policy the Defendant had. Thus, it was an error on the part of the Defendant, putting in the $400,000.00 asset when it did not actually exists.

The Court also inquired about the Governments objection relating to the amount of loss. The Government alleges that the amount of loss exceeds $400,000.00. It must be noted that the Court has indicated that it has received confidential papers submitted by the Probation

Department that suggested the Government was right. Pursuant to FRCP 32(H)(I)(B) that the Defense should be given either a written summary or summarization of any information that is not provided to Defendant. Defense Counsel does not have any confidential information papers as indicated by this Court in the Courts order. Defendant, Sue Wilson does not have any documentation nor can she obtain any relating to what Maxine Pochmara may or may not receive regarding Social Security. It must be noted that once contested the Government bears the burden of establishing the amount of relevant loss by a preponderance of the evidence. See U.S. v. Watkins, 994 Fed 2nd 1192 (Ca 6th, 1993). When establishing loss, the Court should look at both the harm to the victim and the gain to the Defendant. See U.S. v. Parrish, 84 Fed 3rd 816 (Ca 6th, 1996). In this matter, there is no gain to the Defendant Sue Wilson. There is a question as to whether or not there is any actual harm to the "victim". If someone had worked and paid Social Security, the Social Security office would had paid out Social Security; whether it be to Maxine Pochmara or to Robert Pochmara. Further, it appears that Maxine Pochmara had Social Security tax not taken out while she was employed at Northeast Michigan Community Mental Health. Again, Sue Wilson is not in a position to indicate what that was about, nor have any documentation to prove one way or the other that she was not a party to those issues.

Other issues that were originally raised in Defendant's Sentencing Memorandum continues here in that in Exhibit 1, a document that Sue Wilson had provided the Government prior to the indictment. It shows that Sue Wilson was not hiding anything and that Robert Pochmara was listed as a Vice President in documents filed with the State Government. This would go to show the Defendant's lack of involvement and/or minimal involvement in this case.

Further, in the original Sentence Memorandum, Defense has asked for the Court to go below the guidelines due to various reasons, including the Defendant's health. In Exhibit B is various medical records and diagnosis of Sue Wilsons background that the Court can and should take into consideration at the time of sentencing. Understanding that the Defendant bears the burden of proving mitigating factors justify downward reduction that such medical concerns as indicated in Exhibit B as well as the documentation previously submitted to the Pre-Sentence Investigation and referred to in the original Sentencing Memorandum, should be sufficient for a downward reduction in this matter.  See <u>U.S. v. Miller</u>, 56 Fed 3rd 719 (Ca 6th, 1995); <u>U.S. v. Nagi</u>, 947 Fed 2nd 211 (Ca 6th, 1991).

Dated:  October 22, 2013

                            Respectfully submitted:

                            S/JAMES F. PIAZZA
                            Attorney for Defendant
                            803 Court Street
                            Saginaw, Michigan   48602
                            Phone: (989) 791-1813
                            jfpia@aol.com
                            (P30172)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Criminal No.: 12-20607

DISTRICT JUDGE: THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

SUE A. WILSON,

    Defendant.

_____/

### CERTIFICATION OF SERVICE

STATE OF MICHIGAN  )
                       )SS.
COUNTY OF SAGINAW)

    I, JAMES F. PIAZZA, hereby certify that on the 22nd day of October, 2013, I electronically filed the Supplemental Sentencing Brief with Attachments, with the Clerk of the Court using ECF system which will send notification of such filing to the following:

    Assistant U.S. Attorney, Janet L. Parker
    Attorney for Defendant Gary Wilson, Stevens J. Jacobs
    Attorney for Robert Pochmara, David Koelzer
    Attorney for Maxine Pochmara, Jeffrey J. Rupp

    And by regular mail to:

    Marvin S. Burns, II, United States Probation Officer, 1000 Washington Avenue, P.O. Box 649, Bay City, Michigan  48707-0649

Dated: October 22, 2013

                                           /s/James F. Piazza
                                           JAMES F. PIAZZA
                                           Attorney for Defendant
                                           803 Court Street
                                           Saginaw, Michigan   48602
                                           Phone: (989) 791-1813
                                           jpia@aol.com
                                           (P30172)