UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                    Case No. 12-cr-20607

v                                                      Honorable Thomas L. Ludington

SUE A. WILSON,

        Defendant.
_____/

## ORDER PROVIDING DEFENDANT WILSON WITH NOTICE THAT HER RULE 52(B) MOTION WILL BE CONSTRUED AS A MOTION PURSUANT TO 28 U.S.C. § 2255, AND DIRECTING DEFENDANT TO INFORM THE COURT WHETHER SHE AGREES OR DISAGREES WITH THIS RECHARACTERIZATION

On October 10, 2012, an indictment was issued against Defendant Sue A. Wilson which charged her with conspiring to defraud the United States by furnishing false information to the Social Security Administration. ECF No. 3. On May 28, 2013, Wilson was found guilty by a jury. ECF No. 55. On January 30, 2013, Wilson was sentenced to twenty months of imprisonment. ECF No. 110. On November 3, 2015, the Sixth Circuit vacated Wilson's conviction. ECF No. 128. On April 21, 2016, Wilson pleaded guilty. She was sentenced to twelve months and one day of imprisonment. ECF No. 179. Now, Wilson has filed a motion to amend her sentence. ECF No. 188.

In the motion, Wilson asks the Court to "amend her sentence to include . . . United States v. Algahain," 2016 WL 7009034. She cites 28 U.S.C. § 2255 in noting that the Court can reduce her sentence "if triggered by an amendment that is retroactively applied." Mot. at 1. Although "the proper avenue for a defendant seeking a sentence reduction based on an amendment to the Sentencing Guidelines is to file a motion under 18 U.S.C. § 3582(c)(2), " *Young v. United States*, No. 3:16-CV-3139, 2016 WL 4472937, at *2 (C.D. Ill. Aug. 24, 2016), Wilson does not identify

any Sentencing Guideline pertaining to her that has been amended. Consequently, her motion will be construed as a motion for relief under § 2255.

However, to be sure that Defendant is fully aware of her rights, the Court hereby provides Defendant with notice pursuant to *Castro v. United States*, 540 U.S. 375 (2003), that it intends to treat her motion to amend sentence as a motion for habeas relief pursuant to 28 U.S.C. § 2255. Defendant will be given approximately 21 days to notify the Court whether she agrees or disagrees with the Court treating her motion as a petition for habeas relief.

Before making this decision, Defendant should consider that if the Court treats this motion as one brought pursuant to § 2255, it will be her first § 2255 petition. This is important because she can then only file a second or successive § 2255 petition upon the certification of the United States Court of Appeals for the Sixth Circuit. Moreover, in determining whether she agrees or disagrees with the Court treating his motion as one for habeas relief, Defendant should consider that the law imposes a one-year statute of limitations on the right to bring a motion pursuant to § 2255. This one-year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If Defendant disagrees with the Court treating her motion as a petition for habeas relief, she may withdraw her motion. Alternatively, she may seek to amend her motion. If Defendant fails to respond to this Order or agrees to have the motion treated as one pursuant to § 2255, the Court will consider the motion pursuant to § 2255 and shall consider it filed as of the date the original motion was filed, December 13, 2016. Furthermore, if Defendant agrees to have the motion considered as one filed pursuant to § 2255, the Court will, upon motion of the Defendant, allow additional time for the filing of an amendment to the motion, to the extent that such an amendment would be permitted by law.

Accordingly, it is **ORDERED** that Defendant Wilson is **DIRECTED** to inform the Court as to whether she agrees or disagrees with the recharacterization of her motion to amend sentence as a motion to vacate her sentence under 28 U.S.C. § 2255 on or before **January 10, 2017.**

Dated: December 20, 2016  s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 20, 2016.

s/Michael A. Sian  
MICHAEL A. SIAN, Case Manager