**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

SUE A. WILSON,

    *Petitioner*                 CRIM. CASE NO: 1:12-cr-20607
                                   CIV. CASE NO.: 1:17-cv-10050
*v.*                              DISTRICT JUDGE THOMAS L. LUDINGTON
                                   MAGISTRATE JUDGE PATRICIA T. MORRIS
UNITED STATES OF AMERICA,

    *Respondent.*
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S 28 U.S.C. § 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
**(Docs. 188 and 191)**

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motions be **DENIED.**

**II.**     **REPORT**

    **A.**     **Introduction**

Petitioner Sue Wilson's 28 U.S.C. § 2255 motion to vacate her prison sentence (Mot. to Vacate, Docs. 188 and 191), is before the Court under an order of reference from United States District Judge Thomas L. Ludington. (Doc. 194.)

On April 21, 2016, Petitioner Sue Wilson ("Petitioner" or "Wilson") pleaded guilty to conspiracy to defraud the United States Railroad Retirement Board and knowingly providing false information to the Social Security Administration in violation of 18 U.S.C. § 371 and 42 U.S. C. § 408(a)(6) pursuant to a Rule 11 plea agreement. (Doc. 176.) An amended judgment filed on May 4, 2016, sentenced Petitioner to 12 months and one day months incarceration and two years of

supervised release on each count, to be served concurrently. (Doc. 179 at ID 2405.) Petitioner did not file an appeal.

On December 13, 2016, Petitioner filed a motion to amend sentence which was construed as a motion to vacate sentence (Doc. 189) and on January 6, 2017, Petitioner filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255. (Doc. 191.) The government responded. (Doc. 197.) Both motions will be considered together and as one.

**B.      Standard of Review**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)).

Claims previously brought and denied on appeal are generally not available to petitioners on collateral attack absent "exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). "[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly

exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

This rule works to prevent claimants from using collateral attacks to repackage arguments lost on appeal as ineffective assistance of counsel claims. Stated differently, a movant "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal." *Clemons v. United States*, No. 3:01-CV-496, 3:97-CR-16, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005) (citing *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). *Accord, Lossia v. United States*, No. 04-80422, 2010 WL 3951078, at *4 (E.D. Mich. July 1, 2010). These claims, however, are not waived by failing to bring them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense–not what bears a false label of 'strategy'–based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different.

*Id*. at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id*. at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process. In *Lockhart v. Fretwell*, the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

506 U.S. 364, 369 (1993) (citations omitted).

### C. Analysis and Conclusions

I note at the outset that although Petitioner is no longer incarcerated, her habeas petition under §2255 is not moot because Petitioner remains on supervised release. *Ervin v. Hammond*, No. 13-2136-STA-dkv, 2013 WL 1103774, at *1 (W.D. Tenn. Mar. 15, 2013), citing *United States v. Zack*, No. 98-1526, 1999 WL 96996 (6th Cir. Feb. 1, 1999).

Petitioner contends that her sentence should be amended and that she should be granted relief under the authority of *United States v. Algahaim*, 842 F.3d 796 (2nd Cir. 2016). (Doc. 188 at ID 2447; Doc. 191 at ID 2455.) Petitioner also notes that she is not a violent offender and has been a model prisoner. (*Id.*)

Petitioner's base offense level was 18, plus two points for obstruction of justice for providing false information to the court for a total of 20. (Doc. 176 at ID 2381.) However, she also received a three level reduction for acceptance of responsibility, bringing her offense level to 17. (*Id.*) The resulting guideline range was 24 to 30 months; thus, she was sentenced at the bottom of the applicable guideline range. (*Id.*)

In *Algahaim*, the Second Circuit Court of Appeals held that the sentence imposed was not in error, but it nonetheless remanded the case "to permit the sentencing judge to consider whether the significant effect of the loss enhancement, in relation to the low base offense level, should result in a non-Guidelines sentence." 842 F.3d at 800. In the instant case, no such disparity between the base offense level and any guideline enhancement exists; therefore, *Algahaim* is inapposite and does not provide Petitioner with any grounds for relief.

Petitioner's sentence of twelve months and one day in custody and two years of supervised release is not substantively unreasonable or fundamentally defective. I therefore recommend that the petition be denied.

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual

dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on any of the allegations raised in her motion.

### E.  Conclusion

For the reasons set forth above, I recommend denying Petitioner's motions.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932

F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 10, 2017  S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Sue A. Wilson at 2054 White Birch Ln, Rogers City, MI 49779.

Date: August 10, 2017  By s/Kristen Castaneda
Case Manager

7